IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN WASHINGTON, on behalf of himself and others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>MIL-SPEC SAFETY & SECURITY, LLC,<br>　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON NOVEMBER 20, 2024<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT

Martin Washington ("Plaintiff") brings this "hybrid" class/collective lawsuit against Mil-Spec Safety & Security, LLC ("Defendant"), seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).  Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Philadelphia, PA.

1

5.   Defendant is a corporate entity that, according to its website, is headquartered at 5201 Old York Road, Philadelphia, PA 19141.  *See* https://mil-specsecurity.com/contact-us/ (last visited 11/19/24).

## FACTS

6.   Defendant is a private security company that describes its business as follows:

> Mil-Spec Safety & Security provides trained, professional, uniformed security guards who protect client personnel, facilities, assets, offices, residences, camps, and equipment.  Our guards are equipped to prevent, deter and react to any hostile or criminal actions.  We are servicing Pennsylvania, Delaware and New Jersey area.

https://mil-specsecurity.com/ (last visited 11/19/24).

7.   Defendant enters into standardized "Subcontractor Agreements" with Plaintiff and other individuals to provide Defendant's security services to Defendant's customers.  These individuals are primarily paid an hourly wage and hold job titles such as, for example, Field Inspector, Site Supervisor, and Security Guard.  We will refer to these individuals as "Security Workers."

8.   Plaintiff worked for Defendant as a Security Worker from approximately July 2020 until approximately September 2024.

9.   The Subcontractor Agreements characterize Plaintiff and other Security Workers as non-employee "independent contractors."  However, as the Third Circuit has observed, such contractual designations have no bearing on one's employment status under federal and state wage laws.  *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229-30 (3d Cir. 2019).  Indeed, "[t]he whole point of [such laws] is to protect workers by overriding contractual relations through statute."  *Id.* at 229.

10.   The employment status of Plaintiff and other Security Workers under the FLSA is

dictated by an "economic reality" analysis focused on the extent to which the workers "are dependent upon the business to which they render service." *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 143 (3d Cir. 2020) (internal quotations omitted).  Such analysis requires the factfinder to weigh six non-exclusive and non-dispositive factors:  (i) "the degree of the alleged employer's right to control the manner in which the work is to be performed;" (ii) "the alleged employee's opportunity for profit or loss depending upon his managerial skill;" (iii) "the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;" (iv) "whether the service rendered required a special skill;" (v) "the degree of permanence of the working relationship;" and (vi) "whether the service rendered is an integral part of the alleged employer's business." *Id.* at 142-43.  Meanwhile, the Pennsylvania Supreme Court has not endorsed any test for determining a worker's employment status under the PMWA.

11. The above factors generally weigh in favor of a finding that Plaintiff and other Security Workers are statutory employees under the FLSA and PMWA.  For example:

a. Defendant maintains and exercises the right to control the most basic aspects of the Security Workers' day-to-day activities by, *inter alia*, subjecting Security Workers to robust supervision and oversight that is akin to the supervision and oversight generally exerted over statutory employees.  *See*, *e.g.*, Exhibit A (sample document entitled "Company Policies and Regulations").

b. The Security Workers' basic job functions do not require any particular "managerial skill" or "special skill."  Rather, the Security Workers' responsibilities primarily consist of basic security guard duties that do not entail any specialized educational requirements.

c. The Security Workers' relationship with Defendant has a high "degree of permanence."  For example: Plaintiff worked for Defendant for over four years.

      d.      The "service rendered [by the Security Workers] is an integral part of [Defendant's] business." Indeed, as reflected in paragraph 6, Defendant's fundamental business purpose is centered on the security services provided by the Security Workers.

12.      The pleadings stage is not the appropriate time to "weigh" the various factors necessary to finally resolve the employment status of Plaintiff and other Security Workers under the FLSA and PMWA. However, as noted in paragraph 11, Plaintiff – even in the absence of discovery – plausibly asserts that he and other Security Workers can qualify as statutory employees under the FLSA and PMWA.

13.      Defendant generally pays Plaintiff and other Security Workers an hourly wage. For example, Plaintiff earned approximately $14-16 per hour during the three-year period relevant to this lawsuit.

14.      Plaintiff and other Security Workers often work over 40 hours per week. For example, during the three-year period relevant to this lawsuit, Plaintiff was credited with working over 140 hours during many two-week pay periods.

15.      Plaintiff and other Security Workers do not receive any overtime wages for hours worked over 40 per week.

16.      In failing to pay overtime wages to Plaintiff and other Security Workers, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ALLEGATIONS

17.      Plaintiff brings his FLSA and PMWA claims on behalf of himself and every other individual who, during any time since November 20, 2021, has provided security services on behalf of Defendant or any related company as a non-employee contractor.

18.      Plaintiff's FLSA claim should proceed as a Nationwide collective action because

Plaintiff and other putative collective members, having worked pursuant to the common policies and practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied with respect to those individuals who have worked in Pennsylvania and fall within the class/collective definition at paragraph 17.

20. The class, on information and belief, includes over 40 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies and practices, as referenced herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

27. Defendant is an employer required to comply with the FLSA's overtime pay mandate, and Plaintiff and the collective members are employees entitled to the mandate's protections.

28. Defendant violated the FLSA by failing to pay Plaintiff and the collective members overtime wages for hours worked over 40 per week.

29. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PMWA

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

32. Defendant is an employer required to comply with the PMWA's overtime pay mandate, and Plaintiff and the class members are employees entitled to the mandate's protections.

33. Defendant violated the PMWA by failing to pay Plaintiff and the class members overtime wages for hours worked over 40 per week.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

      a.    the payment of all overtime wages;

      b.    all liquidated damages available under the FLSA;

      c.    prejudgment interest;

      d.    reasonable attorney's fees and costs; and

      e.    such other relief as the Court deems just and proper.

Date:  November 20, 2024                        Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491




## Company Policies and Regulations

*Chain of Command*
Founder / President: Dave Stockman
Director of HR: Angela Carter
Sales / Recruiter / Hiring Manager: George Reppert
Area Security Operations Managers: Robert McNamee, Octavius Baker
Senior Site Leads: Melissa Dooner, Taleah Hampton
Site Leads: Benjamin McClain, Randall Smith, Dashon Callaway, Jordan Carter, Emily Heredia, Khaleem Palmer, Kraig Klass
***Call Outs***: You are required to give 72-hours' notice when you are unable to cover an assigned shift. Notification should be sent to your Site Lead and Operations.
***No Show-No Call***: Grounds for immediate dismissal and considered a resignation.
***DO NOT Leave site until properly relieved or directed to do so***: Forfeit that shift's pay and possible dismissal.

***DO NOT Sleep on Duty:*** grounds for dismissal or forfeiture of pay
***DO NOT report or work your shift under the influence:*** Drug and Alcohol Test administered at random

*Three write-ups/ warnings*: Possible dismissal
Call oncoming guard and/or site lead if your running late for a shift. (Initial ate arrival will warrant a verbal warning).
Find coverage for your shift for last minute Call outs on your own or be written up/dismissed.
Night shifts are monitored.

***Officer Safety***: Must wear assigned black uniform shirt for identification.
***Construction Safety***: Must wear long pants & boots.
***Safety Equipment***: Must provide personal **hand-held flashlight** (DO NOT USE YOUR PHONE AS A FLASHLIGHT) and report with a fully charged cell phone WITH CHARGER.
***Officer & Suspect Safety:*** Mil-Spec Safety and Security is NOT ACT 235 certified for armed security and our security guards are NOT authorized to carry weapons or brandish weapons in execution of their security duties. Call 911 & inform police criminal activity is occurring on your watch.

REPORT ANY AND ALL ABNORMALITIES VIA OFFICER REPORTS DAR  (Follow chain of command).
Clock in and Out for every shift VIA OFFICER REPORTS
Turnover with oncoming guard or building supervisor.
Patrols/Tours MUST be completed and tour tags scanned hourly.
Make appropriate logbook entries AND report any issues or abnormalities to the chain of command; including concerns voiced by any client or client representative.


_____       _____
Sign/Individual                                              Sign/Company Official


_____       _____
Printed Name            Date                          Title

## **CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Print Name